**Donna J. RITCHIE and Billy Ray Ritchie, Plaintiffs,**

v.

**UNITED STATES of America, Third–Party Plaintiff,**

**Physicians Liability Insurance Company, Third–Party Defendant.**

**No. CIV–89–587–A.**

United States District Court, W.D. Oklahoma.

March 14, 1990.

Howard K. Berry, Jr., Berry & Durland, Oklahoma City, Okl., for plaintiffs.

Robert E. Mydans, Acting U.S. Atty., Vicki Zemp Behenna, Asst. U.S. Atty., Stanley Niece, Newell E. Wright, Jr., Robert H. Mitchell, Oklahoma City, Okl., for third-party defendant.

## ORDER

ALLEY, District Judge.

Before the Court for determination is the Motion to Dismiss by third party defendant Physician's Liability Insurance Company ("PLICO") of the United States' third party complaint for indemnification. After review of briefs of counsel and the relevant law, the Court denies PLICO's motion for the following reasons.

The plaintiffs Donna and Billy Ritchie sued the United States for injuries sustained by Mrs. Ritchie due to the alleged negligence of Ram Singh, M.D., who performed a hysterectomy on Mrs. Ritchie at Tinker Air Force Base ("TAFB") hospital on February 3, 1988. Although Dr. Singh was not a military physician, but working under contract with TAFB, this Court held that Dr. Singh was an employee of the United States for purposes of the FTCA, because the United States controlled Dr. Singh's practice of medicine at TAFB.

After that determination, the United States brought in as a third party defendant PLICO, Dr. Singh's medical malpractice insurance carrier. PLICO urges dismissal of the third party complaint because there is no legal basis on which the United States may seek indemnity from PLICO, absent a specific contractual provision to

the contrary. The United States relies on (1) 10 U.S.C. § 1089(a), (f); (2) a line of cases holding automobile insurers liable to the United States for work-related automobile accidents of United States' employees; and (3) the equitable principles of implied indemnity in the absence of express contracts.

■ On a motion to dismiss, the Court does not determine the merits of the underlying claim, but only whether a claim may be legally presented. Thus, the Court today only determines that the United States has stated a claim against PLICO for indemnity.

■ Without doubt, the right of indemnity may be implied and need not be express. Noncontractual indemnity rests upon the fault of another which has been imputed to or constructively fastened upon the one seeking indemnity. *See,* 41 Am. Jur.2d *Indemnity* § 19 (1968); *see also, Peak Drilling Co. v. Halliburton Oil Well Cementing Co.,* 215 F.2d 368, 369 (10th Cir.1954).

■ Although the contract in effect between Dr. Singh and the United States on February 3, 1988 did not explicitly require Dr. Singh to indemnify the United States, Dr. Singh implicitly agreed to indemnify the United States by virtue of the terms of his contract with the United States. The contract anticipated that he would be an independent contractor and that he would maintain private liability insurance for the benefit of those injured by his negligent acts.[1] That Dr. Singh implicitly agreed to indemnify the United States is supported by the fact that indemnification was made explicit in his contract with the United States the following year. Thus, the new contract only made explicit that which was implicit in the former contract. Dr. Singh impliedly agreed to indemnify the United States, and his legal liability for indemnification implied in his contract with the United States forms the basis of a claim for which PLICO is liable.

There is no unfairness to PLICO in these circumstances due to the comprehensive and anticipated coverage by PLICO. When PLICO insured Dr. Singh, it believed Dr. Singh was functioning as an independent contractor and agreed to cover all his medical practice, including that at TAFB. PLICO has not demonstrated that it contracted to exclude any of Dr. Singh's activities at TAFB, or that it rebated portions of his premiums commensurate with his TAFB practice. Instead, PLICO agreed to pay for injuries resulting from Dr. Singh's negligence. That the sums paid might not be paid directly to the plaintiffs does not relieve PLICO of its obligation. PLICO would indeed enjoy a windfall if, after accepting Dr. Singh's premium, it did not pay for the legally determined negligent acts of its insured. PLICO is in essence attempting to be a "part-time" insurer after receiving a "full-time" premium.

If PLICO wished to exempt from its policy the potential liability from an insured's practice at a military installation, then it had that choice. Absent such a showing, which PLICO has not made, it cannot be heard to avoid its obligations because there was no explicit indemnification, but only implicit indemnification. If liability of Dr. Singh is found, the ultimate parties to benefit will be the Ritchies—not the United States. This is precisely the situation envisioned by a contract of medical malpractice insurance. The insurer agrees to pay for the injuries caused by the insured's negligence. Here, the equities require that the United States be allowed to seek indemnity from PLICO, based on Dr. Singh's implied indemnity of the United States, for any injuries suffered by the Ritchies due to Dr. Singh's alleged negligence.

■ The United States also relies on 10 U.S.C. § 1089(a) and (f), commonly referred to as the Medical Malpractice Immunity Act. Section (f) allows the head of a governmental agency to provide liability insur-

---

1. The Court's prior ruling that Dr. Singh is an employee of the United States for purposes of the FTCA does not affect the implied indemnity issue. The implied indemnity is based on the relationship between Dr. Singh and the United States as they believed it to be, and not as the Court has found it to be.

ance for any person described in section (a), (Dr. Singh), if circumstances are such that third persons' (such as the Ritchies) remedies are likely to be precluded by the FTCA. Although the insurance in question was provided by Dr. Singh and not by the United States, the Court reads § 1089 as broad enough in intent to cover and apply to situations such as this. Congress recognized that occasions will arise where third parties will be unjustly denied recovery because of the FTCA, and that liability insurance may fill that gap. Thus, under § 1089, the United States has the right to look to PLICO for indemnity for the negligence of Dr. Singh, PLICO's insured.

Finally, the United States relies on a line of automobile cases where insurers were required to indemnify the United States for injuries resulting from automobile accidents caused by United States' employees. Although those cases turned on the definition of who was an "insured," the public policy reflected a desire to compensate injured plaintiffs and to hold insurers to their contractual commitments to their insureds. In fact, in *United States v. Myers*, 363 F.2d 615, 619 (5th Cir.1966), the court allowed the United States to seek indemnity from an automobile insurer because the insurer could have excluded the United States as a potential insured, had the insurer so desired.

The facts in this case are not so novel or unexpected that PLICO could not have anticipated them. The TAFB is a major military installation in Oklahoma, and PLICO could foresee that physicians it insured might practice there part-time. If PLICO wished to exclude any government-related liability, it could have and should have done so. It is too late to have accepted Dr. Singh's premium and now attempt to circumvent a potential claim because the Court has determined Dr. Singh to be an employee of the United States for purposes of the FTCA. As stated before, PLICO's liability is based on Dr. Singh's contract with the United States and his implied agreement as an independent contractor to indemnify the United States.

Taken in conjunction, public policy, federal statute, and equitable principles of implied indemnity all require that the United States be allowed to seek indemnity from PLICO. Of course, PLICO will only be liable to the extent the Ritchies are able to prove injury caused by Dr. Singh's negligence. PLICO's motion to dismiss is denied.

It is so ordered.